STATE of Maine

v.

**Samuel MURPHY.**

Supreme Judicial Court of Maine.

Argued June 15, 1981.

Decided June 30, 1981.

John D. McElwee, Dist. Atty., Alan F. Harding, Asst. Dist. Atty. (orally), Presque Isle, for plaintiff.

Jordan & Goodridge, Donald H. Goodridge (orally), Houlton, for defendant.

Before McKUSICK, C. J., and GODFREY, ROBERTS and CARTER, JJ.

McKUSICK, Chief Justice.

Defendant Samuel Murphy appeals from his convictions by a jury in Superior Court (Aroostook County) on two counts each of burglary, 17-A M.R.S.A. § 401 (Supp.1980), and theft, *id.* § 353, in connection with two break-ins that occurred in Castle Hill on August 4, 1980. From those break-ins, defendant and a companion netted a hunting knife and some silver dollars of a total value of about $200 from one victim and a couple of watches and more than $11,000 in cash from the other. The justice who had presided at trial sentenced defendant to three years imprisonment, all but 90 days of which was to be suspended. The justice also placed defendant on probation for two years on the condition that defendant, during the first ten months of the probation period, make restitution in the amount of $200 to one victim and $2,285 to the other.[1] Defendant's sole contention on appeal is that the justice erred in sentencing him to pay restitution without conducting an inquiry into his financial ability to do so. Defendant asserts that the portion of the sentence calling for him to make restitution should be stricken and the case remanded to the Superior Court for further proceedings. We deny the appeal.

Under 17-A M.R.S.A. § 1152(2-A),

[e]very natural person convicted of a crime may be required to make restitution as authorized by chapter 54. Subject to the limitations of chapter 54, restitution may be imposed as a condition of probation . . . .

Chapter 54 of title 17-A includes section 1325(2)(D), which provides that restitution is *not* a proper element of a criminal sentence whenever

1. A large portion of the stolen cash was recovered; and defendant's accomplice in the criminal activity, in a separate (juvenile) proceeding, was ordered to make restitution of an amount approximately equal to that which the justice ordered defendant to make. The justice could have determined from the record before him that full payment by defendant would complete the reimbursement of the victims' losses.

the amount and method of payment of monetary restitution or the performance of service restitution will create an excessive financial hardship on the offender or dependent of the offender. In making this determination, all relevant factors shall be considered, including, but not limited to the following:

(1) The number of the offender's dependents;

(2) The usual living expenses of the offender and dependents;

(3) The special needs of the offender and his dependents, including necessary travel expense to and from work;

(4) The offender's income and potential earning capacity; and

(5) The offender's resources.

We cannot agree with defendant that the appellate record establishes, on its face, and "so plainly as to preclude rational disagreement as to its existence" that there was error as a matter of law in the presiding justice's sentence, see State v. Parker, Me., 372 A.2d 570, 572 (1977). Nothing in the record shows that the justice failed to perform his statutory duty to consider all factors relevant to ordering restitution, including those listed in section 1325(2)(D).

Defendant relies on State v. Blanchard, Me., 409 A.2d 229 (1979), to support his argument that the restitution element of his sentence was error as a matter of law. In Blanchard the defendant was sentenced to five years imprisonment. Simultaneously, and apart from any imposition of probation, the sentencing justice ordered the defendant to pay more than $50,000 in restitution, without specifying any period over which restitution should be made. The record in Blanchard nonetheless plainly revealed that the defendant lacked the present resources to make that payment and that, quite apart from the fact that he would be spending the next five years in prison, his disbarment as an attorney would effectively prevent him from earning in the foreseeable future the amount of money necessary to make restitution. As a result of the plain fact that the defendant was unable to pay the restitution ordered by the Superior Court, the Law Court determined that that portion of the sentence contravened section 1325(2)(D), and struck the restitution order from the sentence.

The record in the case at bar reveals an entirely different set of circumstances from that in Blanchard. Here, defendant according to his own statements at the sentencing hearing was willing to make restitution. Moreover, from the presentence report, which the record shows the justice had available to him before he imposed sentence, the justice could have found that defendant was then living at home and would thus incur only minimal expenses, that he was unmarried and had no dependents, that he was presently unemployed but had a considerable employment history and was thus likely to be able to obtain employment after serving his prison sentence, and that he was in possession of a motorcycle, worth around $1,000, that could be sold to satisfy almost half the restitution requirement.

On its facts, the case at bar is much closer to State v. Stinson, Me., 424 A.2d 327 (1981), than it is to the Blanchard case. In Stinson, the Law Court upheld the imposition of a restitution order made by the Superior Court against a defendant who had broken the window of a truck belonging to Central Maine Power Company. The lower court there, as in the instant case, had found that the defendant was willing to pay the award and had conditioned his probation on full payment of the award within the first ten months of the probation period. While it is true that the restitution penalty in Stinson was small compared to the penalty here and that defendant here is indigent, a circumstance the court found not to be present in Stinson, the Superior Court justice who sentenced defendant nonetheless did have before him substantial information to justify his determination that defendant was able to make restitution within the time provided for in the sentence.[2] We are unable to

2. In any event, any extent to which the record fails to reveal that the presiding justice in imposing sentence considered any of the factors listed in 17–A M.R.S.A. § 1325(2)(D) is charge-

conclude that the record here shows so plainly as to foreclose rational disagreement that the justice in imposing sentence failed to take into account defendant's ability to pay restitution to his victims within the time prescribed. *See State v. Parker, supra.*

The entry must be:

Judgment affirmed.

All concurring.

able to defendant as appellant, inasmuch as this court was provided with only a partial record of what transpired during the sentenc-ing proceedings. *See State v. MacArthur*, Me., 417 A.2d 976, 979 (1980).