### State of Vermont v. Timothy Rathburn

[442 A.2d 452]

No. 100-80

Present: **Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned**

Opinion Filed November 3, 1981

Motion for Reargument Denied February 1, 1982

384

*John J. Easton, Jr.*, Attorney General, *Susan R. Harritt*, Assistant Attorney General, and *Richard W. Foster*, Law Clerk (On the Brief), Montpelier, for Plaintiff.

*David A. Williams*, Morrisville, for Defendant.

**Barney, C.J.** The defendant was charged with repeated theft of money from cash registers at the Stowe Liquor Store during the time he was employed there as assistant manager. He was tried and convicted on six counts of grand larceny,

13 V.S.A. § 2501, and two counts of petty larceny, 13 V.S.A. § 2502, and sentence was imposed after a presentence investigation.

On appeal, five issues are briefed. The first challenges the lower court's denial of defendant's motion for judgment of acquittal on the ground that the State failed to meet its burden of proof on all essential elements of the crime. The second is a claim that parol evidence of inventories taken at the store was improperly admitted. The third alleges error in the court's charge to the jury on an element of the crime. The fourth and fifth claims assert the presentence investigation report contained prejudicial information beyond the scope of 28 V.S.A. § 204 and was not timely filed. None of these claims justify reversal and, accordingly, we affirm.

The State's evidence disclosed that the defendant had regularly placed customer checks in the cash register drawer without ringing the amount through the register, and then, to make the money in the cash drawer balance with the register tape, had pocketed a like amount of cash. Since a valid purchase had in fact been made, and bottles removed from stock without a corresponding amount of money added to the register drawer, a shortage appeared on inventory records which suggested that goods had been stolen. When the true nature of the scheme was finally exposed, the sum of $1,440.50 had been taken, according to the evidence.

The defendant maintains that a larceny at common law requires the taking and removing by trespass of property belonging to another with intent to deprive him of his ownership. *State* v. *Levy*, 113 Vt. 459, 461, 35 A.2d 853, 854 (1944). He says that there can have been no larceny in this case because he had lawful possession by virtue of his position as assistant manager.

The defendant presumes a greater authority over the property entrusted to his care than he actually had. In Vermont it has long been the rule that a clerk has only custody over the goods in a store where he is employed. The goods remain in the constructive possession of the store owner. *State* v. *White*, 2 Tyl. 352 (Vt. 1803). While the authority exercised by a clerk over the money received for those goods from cus-

tomers on the employer's behalf seems never to have been expressly dealt with in Vermont, the principle stated as to goods should apply here as well. Other courts have reached that result.

In *Nolan* v. *State*, 213 Md. 298, 131 A.2d 851 (1957), a Maryland court found the manager of a loan office guilty of larceny where he had taken money out of the office cash register. The court said that since the employer had provided the cash drawer in which the money was deposited as received, and the money had not been taken by the defendant until after it had been placed in the employer's cash drawer, the money had to be considered in the constructive possession of the employer at the time it was taken.

Another Maryland court, after extensive discussion of the issue, found a town treasurer guilty of larceny when he misappropriated funds paid to the town by third persons from a safe purchased by the town, but over which he had nearly total control. There the court said:

> [T]he rule of law is that a taking *animus furandi* of money or chattel after being received by a servant for his master and placed by the servant for his master in a depository which is in the actual or constructive possession of the master at the time of the taking, is larceny. . . . By the servant placing the property in a depository in the possession of the master, the servant's exclusive possession of the property is terminated, and the subsequent taking is a trespass.

*Loker* v. *State*, 2 Md. App. 1, 33, 233 A.2d 342, 361–62 (1967).

■ We believe that the *Loker* rule applies to the present situation. Cash received by the liquor store clerks was regularly deposited in the store's cash registers. At the time of deposit the cash registers were in the constructive possession of the state. When the defendant later removed cash from these registers and appropriated it for his own use, the taking was a trespass and the crime was a larceny.

In his second claim of error the defendant charges the court with improperly admitting oral testimony by the manager of the liquor store on the results of inventories which he conducted. In support of his position he looks to the best evidence

rule, which requires the production of an original writing where the terms of that writing are sought to be proved.

Defendant's reliance on the rule is misplaced in this instance. Where proferred evidence is not aimed at the terms of a document themselves, the fact that the information may also be contained in a writing does not require the writing to be introduced. *Vreeland* v. *Essex Lock & Manufacturing Co.*, 135 Vt. 1, 5, 370 A.2d 1294, 1296–97 (1976).

Here the State sought to prove only that the inventories showed losses, and that those losses decreased markedly after the appellant was dismissed from his job. The fact of the losses had an existence independent of any writing, and oral testimony was admissible to prove it.

The defendant also maintains that the court's instruction to the jury, that the information charged Rathburn with stealing from the actual "or" constructive possession of another, was error requiring reversal. We disagree.

Shortly before presentation of its case, the State moved to amend the information to charge the defendant with stealing from the actual "and" constructive possession of another. Defense counsel objected on the ground that the motion to amend was out of time. The motion was granted, but when it came time to instruct the jury the court inadvertently read the original language, and defendant claims that this error deprived him of his right to a charge on every material issue, *State* v. *McLaren*, 135 Vt. 291, 296, 376 A.2d 34, 38 (1977); *State* v. *Audette*, 128 Vt. 374, 378, 264 A.2d 786, 789 (1970).

In this jurisdiction it is not material to a larceny whether the taking was from the actual possession or the constructive possession of the owner. *State* v. *Schwarzchild*, 112 Vt. 167, 171, 22 A.2d 177, 179 (1941). If the charge as a whole breathes the true spirit of the law, without misleading the jury, it ought to stand. *State* v. *Gokey*, 136 Vt. 33, 36, 383 A.2d 601, 602 (1978).

Finally, defendant raises two claims of error regarding the presentence investigation report. He claims, first, that the sentencing was tainted by hearsay allegations of criminal activity

contained in the report and admittedly read by the sentencing judge, and second, that the report was not timely filed.

It is true that a sentencing judge's use of mere unproven allegations of criminal activity in arriving at a sentence is improper and requires resentencing. *State* v. *Williams*, 137 Vt. 360, 364, 406 A.2d 375, 377 (1979). It is a violation of due process to send a defendant to prison based on activity for which he has not been charged or convicted. *Id.* at 364–65, 406 A.2d at 377. But no such sentencing occurred here.

This record discloses that the sentencing judge was fully aware of the strictures upon him, and that he scrupulously adhered to the law. The sentence ultimately imposed supports the judge's statement that he would give the hearsay sections of the report at issue here "absolutely no consideration." Where the sentencing court indicates its awareness that allegedly criminal activities were not prosecuted, it must be presumed that the incidents did not improperly contribute to the sentence imposed by the court. *In re Morrill*, 129 Vt. 460, 464, 282 A.2d 811, 814 (1971).

We are moved to comment on the duty of state probation officers, in making presentence investigation reports, to confine the information contained in those reports to the bounds of the law. Fidelity to the primary purpose of the report, to provide the sentencing court with succinct and precise information upon which to base a rational sentencing decision, ABA Standards, Probation, § 2.3 (Approved Draft 1970), would make this issue unavailing as grounds for reversal.

Concerning the timeliness of the report, we said in *In re Shuttle* that 28 V.S.A. § 1208, which provides for the filing of a presentence investigation report on the defendant, does not create rights of a substantive nature. 131 Vt. 457, 460, 306 A.2d 667, 669 (1973). We see no reason to alter this rule on consideration of 28 V.S.A. § 204(c), although we admonish probation officers to comply with the law and seek any extension they require by order of the court. The statutes are intended to furnish a case history of the defendant to the court before it imposes sentence, and so long as this is done no prejudice results from a three-week filing delay.

*Judgment affirmed.*