## STATE of Maine

v.

## Randy BEAUDOIN.

Supreme Judicial Court of Maine.

Argued Jan. 8, 1986.

Decided Feb. 3, 1986.

David W. Crook, Dist. Atty., Walter T. Ollen, Jr. (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Linnell, Choate & Webber, Richard J. O'Brien (orally), Auburn, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

After defendant Randy Beaudoin pleaded guilty to the Class E offense of leaving the scene of an accident, 29 M.R.S.A. § 894 (1978), the Superior Court (Kennebec County) sentenced him to serve 30 days of imprisonment and to pay $300 in restitution to the other party involved in the accident. On appeal defendant challenges the restitution order on the ground that the Superior Court thereby exceeded its sentencing authority. We agree.

In July 1983 defendant was charged with operating under the influence (OUI) and leaving the scene of an accident, after a collision between his van and Lawrence Comeau's automobile on Memorial Bridge in Augusta. Instead of stopping to identify himself to Mr. Comeau, defendant drove his van to the further end of the bridge and there abandoned it and fled on foot. Defendant hitchhiked to East Winthrop, where he telephoned his mother. She came and drove him back to the Augusta police station. After the police advised defendant of his rights, he confessed

to having collided with Mr. Comeau's automobile and fleeing the scene.

As a result of a plea agreement reached in the course of trial, the State dismissed the OUI charge and defendant pleaded guilty to leaving the scene. Before sentencing defendant, the Superior Court was told that the collision had ruined Mr. Comeau's car. His insurance company "totalled" the vehicle, appraising its pre-accident value at $1,200. Since Mr. Comeau's insurance policy carried a $300 deductible, the company paid him $900. The Superior Court justice in sentencing defendant ordered him to pay $300 as restitution to compensate Mr. Comeau for the amount of the insurance deductible.

Direct appeal is a proper vehicle to attack a sentence only when "the 'jurisdictional' sentencing infirmity ... appear[s] on the face of the appeal record so plainly that its existence is shown *as a matter of law*." *State v. Parker*, 372 A.2d 570, 572 (Me.1977) (emphasis in original). Restitution as a part of criminal sentencing is authorized only by statute. 17–A M.R.S.A. § 1152(2–A) (1983). We conclude that there is no statutory authority for a judge, in sentencing a defendant for the crime of *leaving the scene* of an accident resulting in damage to another vehicle, to order the defendant to make restitution to the owner of that other vehicle for the damages suffered in that accident.

██ A restitution order may encompass only economic loss *caused to a victim by the crime* for which a defendant is convicted. A victim within the definitions of the statute is "a person who suffers ... economic loss *as a result of a crime*." 17–A M.R.S.A. § 1322(7) (1983) (emphasis added). Only an offender (i.e., "any natural person *convicted of a crime*") may be sentenced to make restitution pursuant to the statute. 17–A M.R.S.A. § 1322(5) (1983) (emphasis added). *See State v. O'Donnell*, 495 A.2d 798, 800–01 (Me.1985).

The statute under which defendant was convicted, 29 M.R.S.A. § 894, defines the offense of leaving the scene as follows:

The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to the scene and in every event shall remain at the scene of the accident until he has given his name, address and the registration number of the vehicle he is driving, and exhibited, upon request and if available, his operator's license to the driver or occupant of or person attending any vehicle with which he collided.

The obvious objective of that enactment is to facilitate an exchange of information between motorists involved in accidents as merely a first step toward establishing fault. A person's failure to stop as required by section 894 is a Class E crime, whether or not some criminal action or some other fault on his part causes the accident. A leaving-the-scene conviction determines nothing more than that there was an accident in which defendant was involved and that he left the scene without identifying himself.

██ The Superior Court sentenced defendant to pay restitution in order to compensate Mr. Comeau for his noninsured property loss incurred as a result of the *accident*. Nothing in the record suggests that the restitution was intended to compensate Mr. Comeau for damages, if there were such, that he sustained as a result of defendant's *leaving the scene*. The Superior Court failed to follow the mandate of the Criminal Code that restitution be ordered only for loss that Mr. Comeau incurred as a result of the crime for which defendant was convicted. 17–A M.R.S.A. § 1322(5), (7). Criminal conviction for the acts damaging the victim is an essential prerequisite to the imposition of restitution. Since the Superior Court ordered restitution for damages caused by the accident, and not those resulting from the offense of leaving the scene, the restitution portion of the sentence must be stricken as unautho-

1291

rized by statute. *See Riner v. State,* 389 So.2d 316 (Fla.Dist.Ct.App.1980); *People v. Becker,* 349 Mich. 476, 84 N.W.2d 833 (1957); *State v. Eastman,* 292 Or. 184, 637 P.2d 609 (1981); *Commonwealth v. Cooper,* 319 Pa.Super. 351, 466 A.2d 195 (1983).

Because of the interrelation between the several parts of a sentence, this court, on finding one part erroneous as a matter of law, has several times vacated the entire sentence and remanded for resentencing. *See, e.g., State v. Hardy,* 489 A.2d 508, 512 (Me.1985); *State v. Bunker,* 436 A.2d 413, 419 (Me.1981); *State v. Samson,* 388 A.2d 60, 68 (Me.1978). *See generally* A. Campbell, *Law of Sentencing* § 126 (1978). "[T]he imposition of criminal sanctions is a most difficult proposition often involving a great variety of considerations. We think the sentencing judge should be afforded maximum flexibility and should not be hampered by having only a part of the sentencing package returned to him." *State v. Bunker,* 436 A.2d at 419. In the case at bar, however, the sentencing justice first fixed the term of defendant's imprisonment and then, as a separate and ancillary matter, determined that Mr. Comeau should receive $300 of restitution. Since the imprisonment was ordered "on grounds unrelated to, and independent of, those that led" to the imposition of restitution, that latter, unauthorized portion of the sentence is "severable from the rest of the ... sentence." *State v. Kee,* 398 A.2d 384, 387 (Me.1979). Furthermore, counsel for the State before this court has not asked for complete resentencing if the restitution order is found to be without statutory authorization. We therefore simply strike the restitution order and allow the sentence to stand as modified.

The entry is: Order of restitution stricken; judgment of conviction as so modified affirmed.

All concurring.