512 A.2d 312 (1986)
STATE of Maine
v.
Marion LaCASCE and Carolyn Delano.
Supreme Judicial Court of Maine.
Argued January 16, 1986.
Decided July 1, 1986.
*313 James E. Tierney, Atty. Gen., Joseph Wannemacher (orally), Charles K. Leadbetter, Asst. Attys. Gen., Augusta, for plaintiff.
Mittel & Hefferan, Babette Bryan Bach (orally), Portland, for Delano.
Kelly, Remmel & Zimmerman, Leland N. Chisholm (orally), Portland, for LaCasce.
Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.
GLASSMAN, Justice.
Marion LaCasce and Carolyn Delano appeal from the judgment of the Superior Court, Kennebec County, revoking their probation for the inexcusable failure to comply with a restitution order imposed as a condition of probation. They contend that the sentence was illegal on the face of the record because of its provisions for restitution and that the court's finding of the defendants' inexcusable violation of the terms of their probation is clearly erroneous. Because we hold that the sentence is not illegal on the face of the record and there is credible evidence in the record to support the court's finding of the defendants' inexcusable violation of a condition of their probation, we affirm the judgment.

I.
LaCasce was the president, and Delano the vice president, of the Center for Being Foundation, a licensed mental health facility that received payments for services from various insurance companies and, pursuant to the Medicaid program, from the State of Maine. In September, 1982 LaCasce and Delano were jointly indicted on six counts of Class B theft by deception and two counts of Class C theft by deception. 17-A M.R.S.A. § 354 (1983), § 362 (1983 & Supp.1985-1986). The charges involved allegations of obtaining funds from several named insurance companies and from the State of Maine by submitting bills for services that had in fact not been provided at all or provided as group therapy sessions rather than individual therapy sessions as billed.
As part of plea negotiations, the parties agreed to the dismissal of the indictments and the filing of an information charging Delano with a single count of Class D theft and LaCasce with a single count of Class B theft. On March 15, 1984, at a hearing held pursuant to M.R.Crim.P. 11 each defendant entered a plea of guilty to the single charge against her. The plea agreement of the parties included a proposed sentence for Delano of 364 days with all of *314 it suspended, and one-year probation; and for LaCasce a sentence of two years with all of it suspended and three-years probation. As a condition of probation, both defendants were to be jointly and severally liable to pay restitution in the amount of $36,000 to the State of Maine at the rate of $12,000 a year.
Before imposing sentence, the court inquired into the defendants' ability to pay the proposed restitution. Information was presented to the court concerning the defendants' assets, liabilities and income. Since their liabilities slightly exceeded their assets, the court pointed out that restitution would have to come from their income. It was represented to the court by the defendants that they had the ability to pay the agreed on restitution from income because LaCasce had earned $50,000 in 1983 and Delano received Social Security disability benefits and anticipated returning to regular employment by early summer of 1984. The two defendants lived together and shared expenses. The State and the defendants indicated their understanding that the restitution order would become unenforceable as to Delano at the expiration of the one-year probation period. The court then imposed sentence in accord with the plea agreement.
When the defendants failed to make restitution for the first year, the State moved to revoke the probation. A revocation hearing was held, pursuant to 17-A M.R. S.A. § 1206 (1983 & Supp.1985-1986). At the time of the hearing, the defendants had paid $8,000. The court found that the failure to pay the final $4,000 of the first year's obligation was inexcusable as to each defendant. The court revoked the probation of both and ordered them incarcerated for 120 days of their original terms. The court ordered that Delano's probation would terminate upon completion of this incarceration period and as to LaCasce, the balance of the two-year term would remain suspended with probation to continue conditioned on payment of restitution. Both defendants appeal. They contend that the condition of probation was illegal on the face of the record because it was imposed jointly and severally on the defendants and because the sentencing court failed to determine that the condition was not an excessive financial hardship to them. They also contend that the Superior Court erred in finding that the defendants' violation of the condition of probation was inexcusable. Delano further contends that the restitution order was illegal as to her because the amount exceeded the property value involved in a Class D theft.

II.
We initially address the defendants' contentions as to the facial illegality of the condition of probation.
We note preliminarily that when a defendant seeks review of the legality of a sentence and the alleged infirmity appears on the face of the record, the issue is cognizable on direct appeal of the judgment of conviction. State v. Beaudoin, 503 A.2d 1289, 1290 (Me.1986); State v. Palmer, 468 A.2d 985, 987 & n.6 (Me.1983). Here, the defendants failed to exercise their right to appeal the judgment of conviction. See M.R.Crim.P. 37. They also failed to avail themselves of the statutory mechanisms permitting modification of a condition of probation if it imposes an "unreasonable burden" on the probationer and revocation of the restitution order in whole or in part if "the circumstances which warranted the imposition of the restitution have changed, or ... it would otherwise be unjust to require payment." 17-A M.R.S.A. §§ 1202(2), 1328(1) (1983).
The defendants contend first that the sentencing court lacked statutory authority to impose joint and several liability. We reject that argument on the facts of this case.
"Every natural person convicted of a crime may be required to make restitution as authorized by chapter 54." 17-A M.R. S.A. § 1152(2-A) (1983). Chapter 54, §§ 1321-1330 (1983 & Supp.1985-1986), sets forth the criteria to be employed by *315 the sentencing court and the conditions under which restitution may be authorized. While chapter 54 does not specifically provide for joint and several liability, neither does it prohibit such liability. Moreover, the imposition of joint and several liability in this case does not violate on its face any of the criteria set forth in chapter 54. Section 1323(1) provides in part that "[t]he order for restitution shall designate the amount of restitution to be paid," while section 1326 requires that "the time and method of payment ... shall be specified." Here the restitution order designated the amount of restitution for which each defendant was liable and the time and method of payment. We note, moreover, that each defendant agreed to the restitution order as an integral part of a plea bargaining agreement. In United States v. Tzakis, 736 F.2d 867 (2d Cir.1984), the Court of Appeals for the Second Circuit squarely faced the issue whether the federal restitution provision, 18 U.S.C. § 3651 (1982),[1] permitted the imposition of joint and several liability or required the court to apportion the liability. Id. at 870-71. Noting that the statute neither provides for nor precludes the imposition of joint and several liability on co-defendants, the court held its imposition in the case before it not to be an abuse of the sentencing court's discretion in setting conditions of probation. Id. at 871.
Because the imposition of joint and several liability in this case does not violate on its face any of the statutory provisions, and because chapter 54 does not preclude joint and several liability, we hold that its imposition in this case was not facially illegal.
Second, the defendants contend that the sentencing court failed to make the specific determinations outlined under section 1325(2)(D).[2] Section 1325(2)(D), however, addresses itself to the situation where the imposition of restitution "will create an excessive financial hardship." Here, the defendants represented to the court that they had the ability to pay the agreed on restitution out of their income. Section 1325(1)(C) requires the court in determining "the amount of restitution authorized" to consider "[t]he financial ability of the offender to pay restitution." The court at the time of sentencing inquired into the defendants' assets, liabilities and income before arriving at a conclusion as to their ability to pay, and on the face of this record no more was required. See State v. Blanchard, 409 A.2d 229, 238 (Me.1979) ("after appropriate inquiry, the sentencing Justice must arrive at a conclusion as to the defendant's ability to pay").
Third, Delano contends that the sentencing court exceeded its authority by ordering her to pay restitution for a crime for which she has not been convicted. Theft is a Class D crime if the value of the property taken exceeds $500, but does not exceed $1,000. 17-A M.R.S.A. § 362(4)(B) (1983). Since she was adjudged guilty of Class D theft, she argues that the sentencing court lacked authority to order her to pay restitution in excess of $1,000. We disagree.
We note preliminarily that Delano is liable for $12,000, not $36,000, the restitution *316 order becoming unenforceable as to her at the expiration of the one-year probation period. The fundamental flaw, however, in her argument is her ignoring the fact of her unequivocal agreement to the restitution order as an integral part of a plea bargain from which she received the benefit of a very substantial reduction in her potential penal liability. A condition requiring restitution beyond the face amount of the charge to which the defendant pled is legal if the amount of restitution was agreed upon as a part of plea bargaining and fully explored by the sentencing court. United States v. Davies, 683 F.2d 1052 (7th Cir.1982); Phillips v. United States, 679 F.2d 192, 194 (9th Cir.1982); see also United States v. Woods, 775 F.2d 82 (3d Cir. 1985). The alternative would be to restrict plea bargaining in cases involving multi-count indictments and thus to hamper a defendant's ability to reduce her penal liability in return for restitution. See Davies, 683 F.2d at 1055.
We hold, therefore, that the restitution order is not illegal as to either defendant on the face of the record.

III.
We next address, seriatim, the contention of each defendant that the finding of inexcusable failure to comply with the condition of probation was clearly erroneous. If at the revocation hearing the court finds by a preponderance of the evidence that the probationer has inexcusably failed to comply with a condition of probation, the court may revoke probation. 17-A M.R. S.A. § 1206(6) (Supp.1985-1986). The revocation will be upheld on appeal unless it is clearly erroneous because of an absence of any credible evidence in the record to support it. State v. Maier, 423 A.2d 235, 240 (Me.1980); State v. Sommer, 388 A.2d 110, 113 (Me.1978).
In regard to Delano the court had before it the following facts: a) Delano had an income from March 15, 1984 to March 15, 1985 of $9,200-9,500, including a $3,500 retroactive lump sum Social Security payment received in February or March of 1985; b) Delano resided in LaCasce's house until December 1984 when the two moved into an apartment where they shared expenses; c) she had no dependents; d) certain expenses she claimed were either extravagant or reflected LaCasce's business expenses (for example, $200 a month for telephone service and $100 a week for gasoline); e) she was unable to document expenses or to account for her disposal of the lump sum Social Security payment despite the two-week recess of the hearing. In addition, there was credible evidence in the record to support a finding that Delano had made no contribution toward the $8,000 actually paid to the State. We find that there is credible evidence in the record to support the court's finding that Delano did not make a significant effort to meet her obligation and that this failure was inexcusable. The finding of a violation of probation was not clearly erroneous.
We turn finally to LaCasce's contention that the court erred by revoking her probation. The court had before it the following facts: a) LaCasce earned approximately $36,450 between March 15, 1984 and March 15, 1985; b) she received an additional $11,300 in cash as a loan from a friend; c) she had no dependents; d) she had indicated in March, 1984 her willingness to reduce expenses by selling her house and moving into an apartment, but did not move into the apartment until December, 1984; however, she made no mortgage payments on her house after August, 1984; e) the bulk of her substantial liabilities would have been eliminated by the sale of the house or foreclosure of the mortgages on it; f) despite her professed willingness to reduce expenses, she maintained two offices at a considerable driving distance from her home which also served as an office; g) LaCasce's claimed business expenses overlapped with household expenses and were duplicative of Delano's expenses; h) claimed income tax deductions for business expenses in 1984 did not represent actual cash outlay for those expenses. In addition, *317 LaCasce's admission that she had presented false information on loan applications would have justified the court in viewing skeptically her claims of expenses. We find, therefore, credible evidence in the record to support a finding that LaCasce's failure to make full restitution for the first year was inexcusable and hold that the finding of a violation of probation was not clearly erroneous.
The entry is:
Judgment affirmed.
McKUSICK, C.J., and NICHOLS, ROBERTS, and WATHEN, JJ., concurring.
SCOLNIK, Justice, dissenting.
In my view, there is no statutory authority for a sentencing justice to order the defendants to be jointly and severally responsible to pay restitution or to order defendant Delano to pay restitution for a crime for which she has not been convicted. Because such orders, issued as conditions of probation, are illegal and the sentence infirmities appear plainly on the record, the orders revoking the defendants' probation for a violation of such condition should be vacated.[1]
Both defendants contend, inter alia, that the sentencing justice lacked statutory authority to require them to be jointly and severally responsible to pay restitution. The justice ordered, as a condition of probation, that both defendants be jointly and severally liable to pay restitution in the amount of $36,000 to the State at the rate of $12,000 per year.
In State v. O'Donnell, 495 A.2d 798, 800 (Me.1985), we stated:
Under the sentencing provisions of our criminal code, a court is authorized to require "[e]very natural person convicted of a crime ... to make restitution as authorized by chapter 54." (emphasis added) 17-A M.R.S.A. § 1152(2-A). Whether restitution is imposed directly or as a condition of probation under § 1204(2-A)(B), a sentencing justice may only require a convicted person "[t]o make restitution pursuant to chapter 54...." Id. To require restitution beyond the limits of the statute is an invalid order that exceeds the court's authority.
In chapter 54, the Legislature has set forth in detail the criteria to be employed by the sentencing justice and the conditions under which restitution may be required. Nowhere in chapter 54 has the Legislature authorized the imposition of a joint and several restitution order. Since the imposition of an obligation for joint and several responsibility to pay restitution is not authorized by statute, the sentencing court is without authority to impose such a condition of probation. See State v. Beaudoin, 503 A.2d 1289, 1290 (Me.1986) ("Restitution as part of criminal sentencing is authorized *318 only by statute.") An examination of the purposes behind the restitution provisions supports this conclusion. Restitution by the offender is intended "to reinforce the offender's sense of responsibility for the offense, to provide him the opportunity to pay his debt to society and to his victim in a constructive manner." 17-A M.R.S.A. § 1321 (1983). Section 1326 of the Code provides that "[w]hen restitution is authorized, the time and method of payment ... shall be specified." 17-A M.R.S.A. § 1326 (1983). Joint and several liability undermines both of these statutory purposes. First, it diffuses a person's responsibility for the offense and in practical effect can result in the avoidance of the restitution obligation. Second, a co-defendant subject to joint and several liability is uncertain regarding the specific amount he will be required to pay because the amount of the obligation depends on the extent to which the other defendant has complied. Accordingly, because joint and several liability is not only unauthorized by statute but also undermines the purposes set forth in chapter 54, the sentencing justice lacks authority to impose a joint and several liability restitution order. Because these conditions of probation ordering restitution render the sentences illegal, the orders revoking probation for violation of such conditions require that the revocation of probation be vacated.
Furthermore, defendant Delano contends that the sentencing court exceeded its authority by ordering her to pay restitution for a crime for which she has not been convicted. Delano was made jointly and severally liable with defendant LaCasce for the payment of restitution to the State in the amount of $36,000 on the basis of a conviction on a single count of Class D theft by deception. Theft is a Class D crime if the value of the property taken exceeds $500, but does not exceed $1,000. 362(4)(B) (1983). Since she was convicted only of Class D theft, she argues that the sentencing justice did not have authority to order her to make restitution in excess of $1,000. I agree.
We said in O'Donnell that one qualifies as a victim for purposes of restitution only if he suffers economic loss as a result of a crime for which a defendant was charged or convicted. State v. O'Donnell at 801. The Court said:
We conclude the Legislature intended "offender" to be limited to a person convicted of a crime alleged in the charging instrument and "victim" to mean a person who suffers "personal injury, death or economic loss" as a result of that crime.
Id. (emphasis in original). Accordingly, because the defendant Delano was convicted only of a Class D crime involving the theft of not more than $1,000, the State is a victim only to the extent of $1,000. Because the court exceeded its authority in ordering that she pay an amount greater than $1,000, the sentence on its face is illegal. Id. at 802.
The fact that Delano agreed to the restitution order as part of a plea bargain is irrelevant because the sentencing justice is without authority to act outside the scope of his statutory powers. This unauthorized exercise of power by the court is not made legal by the defendants' agreement to an unlawful restitution order. Furthermore, it is the prerogative of the Legislature, and not of the court, to permit restitution in excess of the economic loss suffered as a result of the crime for which the defendant was convicted in those cases where the defendant agrees to make restitution as part of a plea bargain. Absent such a statutory provision, the sentencing justice in this case lacked the authority to order defendant Delano to pay restitution in excess of $1,000.
Accordingly, I would strike the orders of restitution and vacate both orders revoking the defendants' probation because the orders revoking probation based on violations of illegal conditions of probation constitute obvious error affecting the defendants' substantial rights.
NOTES
[1] Section 3651 provides in pertinent part:

[A defendant] [m]ay be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had.
[2] Section 1325(2)(D) provides:

Restitution shall not be authorized:
....
D. When the amount and method of payment of monetary restitution or the performance of service restitution will create an excessive financial hardship on the offender or dependent of the offender. In making this determination, all relevant factors shall be considered, including, but not limited to the following:
(1) The number of the offender's dependents;
(2) The usual living expenses of the offender and his dependents;
(3) The special needs of the offender and his dependents, including necessary travel expense to and from work;
(4) The offender's income and potential earning capacity; and
(5) The offender's resources.
[1] When the legality of conditions of probation is plainly evident on the face of the record, it is irrelevant that the probationers did not exercise their right to appeal the judgment of conviction or avail themselves of the statutory mechanisms that allow for modification of a condition of probation. See 17-A M.R.S.A. §§ 1202(2), 1328(1) (1983); M.R.Crim.P. 37. As the court implicitly acknowledges, on an appeal from a probation revocation, a probationer is free to attack an illegal sentence that is plainly evident on the face of the record. Several reasons support this proposition. First, a clearly apparent illegal sentence is an obvious error that affects substantial rights and one that the court on its own will address whether or not preserved. State v. Kee, 398 A.2d 384, 387 (Me.1979) (at oral argument court injected issue that sentence imposed was illegal even though not raised by defendant). Second, where a justice exceeds his statutory authority in imposing sentence, such an infirmity is "jurisdictional" in nature and therefore is cognizable even in collateral proceedings. See State v. Parker, 372 A.2d 570, 572 (Me.1977). Third, the reasons for re-directing appellant to a post-conviction forum for the purpose of a more extensive presentation of facts than was included in the record on direct appeal do not exist when amplification of the record is unnecessary for purposes of appellate review. See, e.g., Coles v. State, 290 Md. 296, 303, 429 A.2d 1029, 1032 (1981) ("A trial court clearly has the authority and responsibility to correct an illegal sentence at any time ... and the refusal to do so, no matter when the correction request is made, is appealable." (citations omitted)); see also Commonwealth v. White, 264 Pa.Super. 495, 504, 400 A.2d 194, 198 (1979).