**STATE of Maine**

**v.**

**Randolph LIBBY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 12, 1989.
Decided April 14, 1989.

---

**1100**

Janet T. Mills, Dist. Atty., Craig E. Turner, Asst. Dist. Atty., South Paris, for plaintiff.

Robert S. Batchelder, Kezar Falls, Robert N. Cyr, Biddeford, for defendant.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Randolph Libby appeals from his conviction of cruelty to animals, 17–A M.R.S.A. § 510 (1983) (repealed by P.L.1987, ch. 383 § 7), after a jury-waived trial in Superior Court (Oxford County, *Delahanty, J.*). Although we disagree with Libby's contention that the State's evidence was insufficient, we conclude that the sentence imposed was not authorized by law. Accordingly, we affirm the conviction but vacate the sentence.

Although Libby concedes that he killed a dog, he claims that he was privileged to do so because the dog was attacking his cat, citing 12 M.R.S.A. § 7504(6)(B) (1981). Viewing the evidence in the light most favorable to the State, and considering the conflict between Libby's testimony and his original statement, we cannot say that the court was compelled to entertain any reasonable doubt about the killing being unjustified.

The court imposed a fine of $500 and suspended all but $250 on condition that Libby pay $250 to the Maine State Society for the Protection of Animals. Nothing in the record suggests that the M.S.S.P.A. is a victim entitled to restitution

in this case. *Cf. State v. Hudson,* 470 A.2d 786, 788 (Me.1984) (M.S.S.P.A. suffered economic loss and was a victim as defined in 17–A M.R.S.A. § 1322(7) (1983)). If the order was intended as restitution, it must be stricken as unauthorized. *See State v. Beaudoin,* 503 A.2d 1289, 1290–91 (Me. 1986). If the order was intended to transfer fine money to a private agency, the order is not authorized by any provision of the criminal code. Finally, we do not consider whether the order would be authorized by 17–A M.R.S.A. § 1204(2–A)(M) (1983) because the sentence was not imposed pursuant to 17–A M.R.S.A. § 1152(2)(B), (C) or (D) (Supp.1988).

The entry is:

Judgment of conviction affirmed.

Sentence vacated.

Remanded for imposition of sentence in accordance with the opinion herein.