1999 ME 151

**STATE of Maine**

v.

**Daniel McCRAY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 15, 1999.

Decided Oct. 26, 1999.

David W. Crook, District Attorney, Alan Kelley, Deputy Dist. Atty ., Augusta, for State.

C.H. Spurling, Gardner, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Daniel McCray appeals from a restitution order entered in the Superior Court (Kennebec County, *Humphrey, J.*) after he pled guilty to the charge of forgery in violation of 17–A M.R.S.A. § 703 (1983 & Supp.1998) (Class C).[1] McCray contends that the court exceeded its sentencing authority by ordering him to pay restitution for economic loss that did not

1. 17–A M.R.S.A. § 703 (1983 & Supp.1998) provides:

§ 703. **Forgery**

**1.** A person is guilty of forgery if, with the intent to defraud or deceive another person or government, he:

**A.** Falsely makes, completes, endorses or alters a written instrument, or knowingly utters or possesses such an instrument; or

**B.** Causes another, by deception, to sign or execute a written instrument, or utters such an instrument.

**2.** Violation of this section is:

**A.** A Class B crime if the face value of the written instrument or the aggregate value of instruments exceeds $10,000;

**B.** A Class C crime if:

**(1)** The face value of the written instrument or the aggregate value of instruments exceeds $2,000 but does not exceed $10,000; or

**(2)** The actor has 2 prior convictions for any combination of theft, violation or attempted violation of this section, violation or attempted violation of section 702 or 708 or any violation or attempted violation of section 401 if the intended crime within the structure is theft, or any violation or attempted violation of section 651....

**C.** Except as provided in paragraphs A and B, forgery is a Class D crime.

result from the specific crime for which he was convicted. We agree and vacate the judgment.

[¶ 2] A Kennebec County grand jury indicted McCray for the Class C offenses of: (1) forgery in violation of 17–A M.R.S.A. § 703 (Count I); and (2) theft by deception in violation of 17–A M.R.S.A. § 354 (1983) (Count II). In Count I, the grand jury charged that McCray, "pursuant to one scheme or course of conduct, with the intent to defraud, did falsely make, complete, endorse or alter, or knowingly utter or possess *two written instruments purporting to be checks of the aggregate value of $4,700.00* from the account of Patricia Holt." (emphasis added). By way of plea agreement, McCray pled guilty to Count I, and the State dismissed Count II.[2] Thereafter, the court sentenced McCray to: (1) three years of incarceration, with all but nine months suspended; and (2) two years of probation, with special conditions of probation that included a "joint and several" obligation to pay restitution of $4,700 in full by the eleventh month of probation.

[¶ 3] Prior to the court's acceptance of McCray's guilty plea, the State represented that it would prove McCray had possession of two forged checks, the total amount of $4,700 which he deposited in his account at Key Bank. McCray later withdrew $1,500 from that account. When he attempted to withdraw the balance, however, the bank refused to make further disbursements. Through counsel, McCray acknowledged possession of the forged instruments and admitted the withdrawal of $1,500.

[¶ 4] The sentencing provisions of Maine's criminal code authorize restitution as a form of sentencing. See 17–A M.R.S.A. § 1152(2–A) (1983 & Supp.1998). Whether a sentencing court imposes restitution directly or as a condition of probation, the court may only require a convicted criminal to pay restitution pursuant to chapter 54 of Title 17–A. *See State v. O'Donnell,* 495 A.2d 798, 800 (Me.1985); 17–A M.R.S.A. §§ 1321–1330–A (1983 & Supp.1998). "[C]hapter 54, which regulates all aspects of restitution, is a legislative judgment delimiting the court's authority." *O'Donnell,* 495 A.2d at 802. "A judge is not at liberty to fashion his own orders of restitution outside the scope of this statute." *Id.* "To require restitution beyond the limits of the statute is an invalid order that exceeds the court's authority." *Id.* at 800.

[¶ 5] "In Chapter 54, the Legislature has set forth in detail, *inter alia,* the purposes of restitution, the criteria to be employed by the sentencing judge, and the conditions under which restitution may be required." *Id.* "The purpose of restitution is 'to encourage the compensation of victims by the person most responsible for the loss incurred by the victim, the offender.'" *Id., quoting* 17–A M.R.S.A. § 1321 (1983). "Moreover, the Legislature has declared that, beyond simply helping victims of crime, 'repayment . . . by the offender to the *victim of his crime* can operate to rehabilitate the offender in certain instances.'"[3] *O'Donnell,* 495 A.2d at 802.

---

2. In Count II, the grand jury charged that McCray, "pursuant to one common scheme or course of conduct, did commit theft by obtaining or exercising control over . . . the account of Patricia Holt, to wit, cash of the value of $3,000, as a result of deception by intentionally falsely [*sic*] creating the impression to various ATM's and/or banking institutions that the forged checks which were drawn on the account of Patricia Holt were valid and negotiable instruments which impression was false and . . . McCray did not believe the impression to be true."

3. Chapter 54 defines "offender" as "any natural person . . . convicted of a crime." 17–A M.R.S.A. § 1322(5) (Supp.1998). "'Victim' means a government that suffers economic loss or a person who suffers personal injury, death or economic loss as a result of a crime . . . ." 17–A M.R.S.A. § 1322(7) (Supp.1998). "[T]he Legislature intended 'offender' to be limited to a person convicted of a crime alleged in the charging instrument and 'victim' to mean a person who suffers 'personal injury, death or economic loss' as a result of *that*

■ [¶ 6] Section 1323 of Title 17–A requires a sentencing court to order restitution where appropriate, or provide specific reasons for not imposing restitution. *See* 17–A M.R.S.A. § 1323 (1983 & Supp.1998). "Restitution may be authorized, in whole or in part, as compensation for economic loss." 17–A M.R.S.A. § 1325(1) (1983 & Supp.1998). However, "[a] restitution order may encompass only economic loss *caused to a victim by the crime* for which a defendant is convicted." *State v. Beaudoin,* 503 A.2d 1289, 1290 (Me.1986) (quotations omitted).

[¶ 7] The record does not indicate that the victim suffered more than $1,500 of economic loss as a result of the specific crime for which McCray was convicted. Pursuant to Count I of the indictment, McCray was convicted of forgery with respect to *"two written instruments purporting to be checks of the aggregate value of $4,700.00."* (Emphasis added.) The State does not assert that McCray withdrew more than $1,500 of forged check proceeds from his bank account. Nor does the State contend that the victim suffered more than $1,500 of economic loss because of those two forged checks. Although the State maintains that McCray and a codefendant were each criminally responsible for the acts of the other, whether as principals or accomplices, McCray was not convicted of a crime based on accomplice liability. *See* 17–A M.R.S.A. § 57 (1983 & Supp.1998). Therefore, the sentencing court exceeded the bounds of its statutory authority in ordering restitution for an amount greater than the amount of the victim's actual economic loss resulting from the specific crime for which McCray was convicted. *See Beaudoin,* 503 A.2d at 1290; *O'Donnell,* 495 A.2d at 802. On remand, the court may reconsider each component of the sentence, including the underlying period of incarceration, the unsuspended period and the term of probation along with the amount of restitution. *See Beaudoin,* 503 A.2d at 1291.

crime." *State v. O'Donnell,* 495 A.2d 798, 801 (Me.1985).

The entry is:

Judgment vacated. Remanded for resentencing.

