## 2000 ME 83

## James E. MITCHELL

v.

## JUDICIAL ETHICS COMMITTEE.

Supreme Judicial Court of Maine.

Submitted on Briefs April 26, 2000.

Decided May 12, 2000.

Jed Davis, Jim Mitchell and Jed Davis, P.A., Augusta, for plaintiff.

Andrew Ketterer, Attorney General, Paul Stern, Deputy Attorney General, Augusta, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY and ALEXANDER, JJ.

RUDMAN, J.

[¶ 1] James E. Mitchell appeals from a judgment entered in the Superior Court (Kennebec County, *Atwood, J.*) granting the Judicial Ethics Committee's motion to dismiss Mitchell's complaint for lack of jurisdiction. Mitchell contends that the Superior Court had jurisdiction to address the merits of his complaint. We disagree and affirm the judgment of the Superior Court.

[¶ 2] The Judicial Ethics Committee issued an advisory opinion, No. 98–4, counselling that a judge may not serve as an elected moderator at a town meeting or as an appointed member of a municipal board. *See* Judicial Ethics Committee, Advisory Opinion No. 98–4 (1998). The Committee opined that such service defeats Canon 4 of the Code of Judicial Conduct by "compromis[ing] the apparent impartiality of the judge and the integrity of the judiciary itself." *See id.* In response to the Committee's opinion, Mitchell, the Kennebec County Probate Judge, filed an action in the Superior Court seeking a declaratory judgment that he may serve as moderator for town and school district meetings without violating the Canons of Judicial Conduct. Mitchell asserted that the unsolicited advisory opinion had the practical effect of prohibiting him from acting as moderator. On motion of the Committee, the Superior Court dismissed the appeal for want of jurisdiction stating that the Supreme Judicial Court has the exclusive authority to promulgate, interpret and enforce the rules of judicial conduct. Mitchell then filed this appeal.

[¶ 3] The Supreme Judicial Court established the Judicial Ethics Committee by an order effective November 15, 1993. *See* Administrative Order establishing Judicial Ethics Committee (effective Nov. 15, 1993). The Judicial Ethics Committee has the authority to issue advisory opinions on

the interpretation and application of the Judicial Code of Conduct. *See id.* The Committee may render these opinions on its own initiative or at the request of any state court, judge or judicial candidate, or the Committee on Judicial Responsibility and Disability. *See id.* Although the courts and the Committee on Judicial Responsibility and Disability may consider the advisory opinions when interpreting the Code of Judicial Conduct, the advisory opinions are not binding. *See id.* Moreover, a judge is not immune from discipline for engaging in conduct that the Judicial Ethics Committee sanctioned in an advisory opinion. *See id.*

[¶ 4] The Superior Court properly dismissed the complaint. Mitchell did not have standing and the Superior Court did not have jurisdiction. Judge Mitchell did not have standing to appeal the advisory opinion because no justiciable controversy existed. *See Common Cause v. State*, 455 A.2d 1, 6 (Me.1983) (stating that a litigant must have a particularized injury to appeal). The Judicial Ethics Committee's advisory opinion was not binding upon Mitchell and, therefore, did not create a particularized injury; the opinion merely offered advice to the judiciary. *See id.* (stating that a particularized injury exists when an action directly and adversely affects the party's property, pecuniary, or personal rights). Mitchell's inability to present a particularized injury rendered him without standing.

[¶ 5] Furthermore, the Superior Court did not have jurisdiction because the Supreme Judicial Court has exclusive original jurisdiction over all judicial disciplinary matters. *See Matter of Benoit*, 523 A.2d 1381, 1381 (Me.1987). "As the only court established by our Constitution, it is incumbent upon the Supreme Judicial Court to exercise that part of the judicial power involved in prescribing the conduct of judges and imposing discipline upon them for misconduct." *See Matter of Ross*, 428 A.2d 858, 868 (Me.1981). The Legislature recognized this power in 4 M.R.S.A. § 1, which provides in relevant part:

> The Supreme Judicial Court shall have general administrative and supervisory authority over the judicial department and shall make and promulgate rules, regulations and orders governing the administration of the judicial department.

4 M.R.S.A. § 1 (1989). Section 7 of Title 4 states that the Supreme Judicial Court has "general superintendence of all inferior courts for the prevention and correction of errors and abuses where the law does not expressly provide a remedy." 4 M.R.S.A. § 7 (1989). The Legislature has also specifically recognized the Supreme Judicial Court's exclusive authority to prescribe the general rules of court. *See* 4 M.R.S.A. § 8 (1989). Inherent in the powers of superintendence and rule promulgation are the powers to enforce and interpret the rules. Thus, the Supreme Judicial Court has exclusive authority to promulgate, enforce and interpret the Canons of Judicial Conduct.

The entry is:

Judgment affirmed.