2009 ME 39

**STATE of Maine**

v.

**John McDONOUGH.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 22, 2009.

Decided: April 16, 2009.

Jon C. Gale, Esq., Germani, Martemucci, Riggle & Hill, Portland, for John McDonough.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for the State of Maine.

---

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1] John McDonough appeals from the restitution order that was entered as part of his conviction for operating after suspension (Class E), 29–A M.R.S. § 2412–A(1–A)(D) (2008) entered in the Superior Court (Cumberland County, *Warren, J.*) after McDonough pleaded no contest to that charge and to violating conditions of release (Class E), 15 M.R.S. § 1092(1)(A) (2008). McDonough argues that the court erred in ordering him to pay restitution for a conviction of operating after suspension. We vacate the Superior Court's order requiring McDonough to pay restitution.

[¶ 2] On November 30, 2007, McDonough was involved in an accident when the vehicle he was operating collided with a taxicab. When the police investigated the accident, they learned that McDonough had a suspended driver's license and arrested him on the scene for operating after suspension (OAS) and violating bail conditions. The police later discovered that the vehicle McDonough was driving had been reported as stolen. On March 5, 2008, McDonough was indicted for one count of unauthorized use of property (Class C); one count of OAS (Class E); and one count of violating conditions of release (Class E). McDonough originally pleaded not guilty, to all charges, but on May 9, 2008, he entered a plea of no contest to the OAS and violating conditions of release charges. The court accepted the plea, noting that McDonough was pleading no contest because he was concerned about the possibility of a civil claim against him. As part of the negotiated plea, the State dismissed the unauthorized use of property charge, but also sought restitution not to exceed $11,000 for the damages sustained by the driver of the taxicab who was involved in the accident. McDonough did not agree that restitution could be imposed as a re-

sult of his conviction, and did not agree with the sum proposed by the State.

[¶ 3] On May 15, 2008, the Superior Court held a hearing to determine the extent of damages, while taking under advisement the issue of whether restitution may be ordered in an OAS case. The owner of the taxicab testified that, as a result of the collision, he suffered substantial economic loss, including the loss of the taxi ($8000); three months of salary ($12,000); and medical bills ($6900). During his cross-examination, McDonough asked the taxicab driver about his efforts in collecting insurance proceeds for his claimed damages.

[¶ 4] The court announced its decision regarding restitution during a third hearing, and held that restitution could be awarded in this case, explaining that case law and the definition of "victim" found at 17–A M.R.S. 1322(7) (2008) (" 'Victim' means ... a person who suffers personal injury, death or economic loss as a result of a crime....") was "broad enough to include someone whose car is hit by someone driving who shouldn't be driving because they're operating after suspension." The court sentenced McDonough to serve seven days to run concurrently on the two charges and to pay a fine of $500, and also ordered McDonough to pay restitution in an amount not to exceed $11,000.

[¶ 5] To support a restitution order, the State must prove, and the court must find, that there was an "economic loss *caused to a victim by the crime* for which a defendant is convicted." *State v. Beaudoin,* 503 A.2d 1289, 1290 (Me.1986); 17–A M.R.S. §§ 1322(7), 1324 (2008) (limiting authorized claimants for restitution to victims, counties, persons providing recovery, and persons acting on behalf of victim). In other words, the criminal action committed by the defendant must have caused the damages claimed by the victim

of that crime. In OAS cases, the "criminal action" to be proved is the act of driving while under a license suspension and either knowing of the suspension or having been sent notice of the suspension.[1] If the prerequisite elements of license suspension and notice are met, the act of driving establishes the crime. *See, e.g., State v. Holmes,* 2004 ME 155, ¶ 11, 864 A.2d 166, 168–69. Whether the driver was negligent need not be proved and is not an issue.

[¶ 6] McDonough's criminal action was operating a motor vehicle while his license was under suspension. Although it is possible that his operation was also negligent, negligent operation is not an element of the crime of which he was convicted and, therefore, the conviction does not establish that McDonough was negligent or that his negligence was the cause of the damages claimed by the taxi driver. *See Beaudoin,* 503 A.2d at 1290–91 (finding that restitution was improperly ordered when intended to compensate for property loss as a result of an accident, and not as a result of the crime of leaving the scene). The court correctly noted that the accident would not have occurred if McDonough had not been driving at all, but that finding, alone, does not support the determination that McDonough's crime was a "cause" of the damages, as that term is used in the statute.

[¶ 7] Although restitution may be ordered in virtually any case when there is an agreement between the parties, the record here contains no such agreement. *See* 17–A M.R.S. § 1330–A (2008). Without such an agreement, there is no nexus between the act of driving while one's license is suspended and driving negligently so as to cause an accident. If McDonough's driving was negligent, as well as illegal, his liability for the accident can be established through a separate, civil action.

The entry is:

Restitution order vacated. Judgment affirmed in all other respects.

---

1. The elements to be proved are that the defendant has operated a motor vehicle on a public way or in a parking area when his license has been suspended or revoked, and when he knows of or has received notice of the suspension or revocation, or has been sent written notice of the suspension, or when he has failed to answer, pay a fine, or appear in court pursuant to a notice or order. 29–A M.R.S. § 2412–A(1–A)(A) (2008).