Majority: MEAD, GORMAN, JABAR, and HJELM, JJ.
Dissent: SAUFLEY, C.J., and ALEXANDER, J.
HJELM, J.
[¶ 1] This case calls for us to determine whether Maine’s restitution statutes authorize an order of restitution for the benefit of the Maine State Police (MSP) for expenses it incurred when it repaired a woods road it used during a criminal investigation and its aftermath. We conclude that in the circumstances of this case, the MSP is not a statutorily eligible recipient of restitution, and we therefore vacate the order of restitution but affirm the remaining aspects of the judgment of conviction and the related sentence.
I. BACKGROUND
[¶2] In 2013, Christopher T. Knight was arrested after living for twenty-seven years in complete isolation in the woods near Rome. During that time, Knight committed many burglaries and thefts, entering and stealing from nearby residences. After he was arrested and charged, in *1048 October 2013 he pleaded guilty in the trial court (Kennebec County, Mills, J.) to a number of those burglaries and thefts, and was admitted to the co-occurring disorders court (CODC) pursuant to an agreement between the parties as approved by the court. Imposition of sentence was deferred pending Knight’s participation in the CODC.
[¶ 3] During the plea hearing, the parties entered into the record an agreement for a particular set of sentences that were to be imposed if Knight’s participation in the CODC were successful, and greater sentences that the State would recommend to the court if Knight did not fulfill the requirements of the CODC program. Under both alternatives, the parties agreed that as part of the sentences imposed in the primary case,[1] which consists of one count of burglary (Class B), 17-A M.R.S. § 401(1)(B)(4) (2015), and one count of theft by unauthorized taking or transfer (Class E), 17-A M.R.S. § 353(1)(A) (2015), Knight would be ordered to pay restitution of approximately $1,900 to the “victims of charged and uncharged cases.” Additionally, the State reserved the right to seek additional restitution at the sentencing hearing. That additional restitution is the subject of this appeal.
[¶ 4] In March 2015, the court held a sentencing hearing where the parties agreed that Knight had satisfied the requirements associated with the CODC program. Pursuant to the parties’ earlier agreement on the sentence that would be imposed if he met those requirements, the court sentenced Knight on the burglary charge to a term of imprisonment of five years with all but seven months suspended, to be followed by three years of probation, and to a concurrent jail term on the charge of theft.[2] The court imposed concurrent sentences on the remaining charges in the companion cases.
[¶ 5] When Knight was sentenced, he had already paid almost the entire agreed amount of restitution for the victims of the burglaries and thefts. Separate from that restitution obligation, at the sentencing hearing the State requested that the court order Knight to pay an additional $1,125 to the MSP for the cost it incurred to repair a private road that law enforcement officers damaged when they repeatedly drove to and from Knight’s campsite after it was discovered. Knight objected to the request, but the court determined that if the police had not paid for the repairs, the local residents would have had to do so and that “under the extraordinary circumstances of this case, [$1,125] would be a fair amount to be paid by Mr. Knight.” The court therefore ordered Knight to pay the amount, also making that payment a condition of his probation.[3]
[¶ 6] Knight subsequently filed a motion for correction of sentence pursuant to M,R.U.Crim. P. 35(a), arguing that the restitution order of $1,125 was not authorized by statute. At a hearing held on the motion, the State further explained that *1049 the MSP used and then repaired the road after it collected evidence from Knight’s campsite and cleaned and restored the site to its natural state. The State acknowledged that the victims of the charged offenses did not own the land where the campsite and private road were located.
[¶ 7] The court denied Knight’s Rule 35 motion, concluding that the road repair costs were compensable under the restitution statute as an “environmental clean-up expense,” 17-A M.R.S. § 1322(3)(C-1) (2015), and that the MSP was an authorized claimant, see 17-A M.R.S. § 1324 (2015). Knight appealed.[4]
II. DISCUSSION
[¶ 8] Knight contends that the restitution order of $1,125 was not authorized by statute, because neither the MSP nor the owner of the property that was damaged is a “victim” for whose benefit the court can order payment of restitution. See 17-A M.R.S. §§ 1322(7), 1324(1) (2015).[5]
[¶ 9] The dispute presented here is entirely a matter of statutory interpretation and application. We review the legality of a sentence and questions of statutory interpretation de novo. See State v. Bennett, 2015 ME 46, ¶ 14, 114 A.3d 994 (legality of sentence); State v. Jones, 2012 ME 88, ¶6, 46 A.3d 1125 (statutory interpretation). “In interpreting a statute, we seek to effectuate the intent of the Legislature, which is ordinarily gleaned from the plain language of the statute.” Jones, 2012 ME 88, ¶ 6, 46 A.3d 1125 (quotation marks omitted). We will no.t look beyond the plain language of the statute if it is unambiguous. See State v. Paradis, 2010 ME 141, ¶ 5, 10 A.3d 695.
[¶ 10] Pursuant to 17-A M.R.S. § 1324, a sentencing court is authorized to require an. offender to pay restitution only to people or entities that have a statutorily defined connection to the case. Maine’s restitution statutes also operate as a.limitation on the court’s authority to order that monetary relief; restitution may be imposed only if allowed .by statute. State v. Kotredes, 2003 ME 142, ¶23, 838 A.2d 331 (“A court is not free to impose restitution that is not plainly allowed by the restitution statute[s].”).[6]
[¶ 11] In order for the court to exercise its statutory authority to order an offender to pay restitution, the designated recipient of that restitution must either bé a “victim,” or “[a]ny person, firm, organization, corporation or government entity which has provided recovery to the victim as a collateral source, but only to the extent that such recovery was actually made.” 17-A M.R.S. § 1324 (emphasis added). In *1050 other words, the court would be authorized to require Knight to pay restitution to the MSP only if the MSP itself is a “victim,” or if the MSP collaterally compensated another person who is a “victim.”[7] Based on the unambiguous terms of the statute, the MSP does not qualify under either alternative.
[¶ 12] Section 1322(7) defines a “victim” as “a government that suffers economic loss or a person who suffers personal injury, death or economic loss as a result of a crime.” We have held that a “victim” within the meaning of the restitution statutes is a person or entity who has sustained a loss resulting from the crime for which the defendant is convicted in that case. State v. McDonough, 2009 ME 39, ¶ 5, 968 A.2d 549 (explaining that “the criminal action committed by the defendant must have caused the damages claimed by the victim of that crime ” (emphasis added)); State v. Beaudoin, 503 A.2d 1289, 1290 (Me.1986) (holding that restitution must be for the “loss caused to a victim by the crime for which a defendant is convicted”); State v. O’Donnell, 495 A.2d 798, 801 (Me.1985) (stating that “the Legislature intended ... ‘victim’ to mean a person who suffers personal injury, death or economic loss as a result” of the specific “crime alleged in the charging instrument” (quotation marks omitted)).
[¶ 13] Here, the MSP is not a victim of any of Knight’s charged conduct — namely, burglaries and thefts — and is therefore not entitled to an order of restitution on that basis.
[¶ 14] Further, the owner of the property traversed by the MSP is not a “victim” of any of the crimes for which Knight was convicted because, as the parties agree, Knight did not commit any of the crimes for which he was convicted against the property owner. The MSP’s payment for the damage it caused to the road did not qualify the agency to become a recipient of restitution as a “government entity which has provided recovery ... as a collateral source” under section 1324(3), because to qualify, that benefit must have been collaterally conferred on a “victim.” As noted above, however, the property owner is not a “victim.” The MSP was therefore not entitled to receive restitution on the basis of recovery provided as a “collateral source.”
[¶ 15] Because the MSP is not an “Authorized claimant[ ],” 17-A M.R.S. § 1324, it is not entitled to payment of restitution, regardless of whether the nature of the expense in this case could otherwise support a restitution order. Accordingly, the court was not authorized to order Knight to pay restitution to the agency in addition to the amount Knight was required to pay to the victims of the crimes for which he was convicted. We must therefore vacate that aspect of the sentences requiring Knight to pay $1,125 in restitution to the MSP.
The entry is:
Restitution order in the amount of $1,125 vacated. Judgment of conviction and sentence affirmed in all other respects.

.The record indicates that Knight pleaded guilty to charges in a total of seven cases. The sentences for all charges in all cases were to be concurrent, but controlled by the sentences imposed in one case that was treated as the primary one for procedural purposes. That primary case is the one that includes probation as part of the sentences and is the case before us.

. Pursuant to the parties' agreement, if Knight had not completed the CODC program successfully, the State would have been entitled to seek an overall unsuspended prison term of seven years.

. Although the judgment and commitment itself does not indicate for whose benefit restitution was ordered, the court made clear at the sentencing hearing that the $1,125 in restitution was to be paid to the MSP,

. The case is before us both as a direct appeal and as a sentence appeal based on the Sentence Review Panel's order granting Knight’s application for leave to appeal from the sentence. See M.R.App. P. 20(h).

. Knight also argues that the cost to repair a private road does not constitute an "economic loss” pursuant to 17-A M.R.S. § 1325(1) (2015). Because neither the MSP nor the owner of the property on which the road is located is qualified to obtain restitution in the first place, we do not reach that question.

. Although a court may order restitution in any case when the parties have agreed to the specific amount imposed, see 17-A M.R.S. § 1330-A (2015); State v. McDonough, 2009 ME 39, ¶ 7, 968 A.2d 549, Knight did not consent to the imposition of $1,125 in restitution. Further, the State does not argue that the restitution to be paid to the MSP is encompassed by the separate restitution order intended for "victims"of charged and uncharged cases,” which amounts to approximately $1,900. The court's authority to order restitution to the MSP is therefore disputed and must be determined based on the restitution statutes.

. A law enforcement agency may be entitled to recover restitution for a "critical investigation expense,” which is defined as either the cost of an audit or financial analysis used to determine the extent of a victim’s financial loss in certain circumstances, or "the cost of analysis of suspected illegal drugs.” 17-A M.R.S. § 1322(3)(A-1) (2015). This aspect of the restitution statute is inapplicable here, and the State does not argue otherwise.