MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2017 ME 43
Docket:       Pen-16-232
Submitted
  On Briefs:  January 19, 2017
Decided:      March 9, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

DANIEL L. CHASE

GORMAN, J.

[¶1]  Viewing the evidence in the light most favorable to the State, the following facts were established at trial by a preponderance of the evidence. *See* 29-A M.R.S. § 103(4) (2016); *State v. Jeskey*, 2016 ME 134, ¶ 2, 146 A.3d 127.  On November 26, 2015, Daniel L. Chase approached a patrol sergeant with the University of Maine Police Department to report that he was operating his vehicle, a 1997 Dodge Ram pickup truck, with an expired registration.  The sergeant confirmed that Chase's registration had expired between 30 and 150 days earlier, and gave Chase a warning that he needed to register his vehicle.  When Chase persisted in stating that he was unable to or not required to register his vehicle, the officer issued Chase a violation summons and complaint for failure to register his vehicle, with his last

registration having expired between 30 and 150 days earlier. *See* 29-A M.R.S. § 351(1)(A) (2016).

[¶2] Chase challenged the ticket. Between December of 2015 and April of 2016, Chase filed a litany of letters and motions with the District Court (Bangor) in which he argued that his truck is not a motor vehicle, he has an unqualified right to travel on public roads, and the case had caused him emotional distress. He requested a jury trial, asserted his personal sovereignty, and requested findings of fact and conclusions of law about the source of the court's authority and jurisdiction. He also requested a "plain street level English" translation of the Maine "rules of court," including Rules of Evidence and Appellate Procedure, and "an interpreter (maybe a lawyer) appointed to [his] exclusive use for several weeks" who could also provide guidance during the hearing itself; requested a court reporter and permission to record the hearing himself; stated that he needed to be able to sit or stand at any time without question because of a back injury; and informed the court that, due to a prior brain injury, if he were interrupted during the hearing, he would need to restart the hearing from the beginning.

[¶3] The court (*Lucy, J.*) denied Chase's requests for a jury trial, for a "translation" of the "rules of court," and for an "interpreter" or attorney to

assist him in preparing for and during his hearing.[1]  The court did, however, arrange for and tell Chase that the trial would be recorded by means of "Communication Access Realtime Translation" (CART).  With CART, a court stenographer uses a court reporting stenography machine, computer, and software to display everything that is being said, word for word, as it is being said.[2]  *See* Resource Guide: CAPTIONING, CART SERVICES & C-PRINT, http://www.maine.gov/rehab/dod/resource_guide/captioning.shtml    (last visited Feb. 16, 2017).

[¶4]  Using this accommodation, the court conducted a nonjury trial on April 28, 2016.  At the trial, Chase conceded that he had committed the offense of operating a vehicle with an expired registration; he testified, "I do not dispute that on November 26, 2015, my Dodge Ram was without registration, no, sir."  The court adjudicated Chase to have committed the traffic infraction of failing to register his vehicle for a period of between 30 and 150 days after his previous registration had expired and imposed a fine of fifty dollars.  The court denied Chase's remaining motions.  Chase appeals.

---

[1]  We denied Chase's similar requests for a "translation" of the Maine Rules of Appellate Procedure in this appeal.

[2]  CART was used here to accommodate Chase's assertion that he would not be able to remember what was being said as the trial progressed.

[¶5]  Chase challenges the court's denial of his request for a jury trial in this traffic matter as a violation of Me. Const. art I, § 20, which provides that, "[i]n all civil suits, . . . the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced."  We have held that neither the Maine Constitution, nor any other authority, requires that a jury trial be available in a traffic matter.  *State v. Nugent*, 2002 ME 111, ¶ 3, 801 A.2d 1001 ("[T]here is no civil jury trial right for traffic infraction proceedings afforded by article I, section 20 of the Maine Constitution . . . ."); *State v. Arnheiter*, 598 A.2d 1183, 1185-86 (Me. 1991); *State v. Anton*, 463 A.2d 703, 708-09 (Me. 1983); *see* M.R. Civ. P. 80F (setting out the procedure for traffic proceedings, and providing for only a nonjury trial in the District Court).  Indeed, pursuant to 29-A M.R.S. § 103(2) (2016), "There is no right to trial by jury for a traffic infraction."  Thus, the court did not err by denying Chase's jury trial request.

[¶6]  We also discern no error in the court's handling of Chase's various requests for accommodation for his claimed disabilities.  The court provided Chase with CART services throughout his hearing.  Contrary to Chase's demand, we do not require that any rules of court be provided in some alternate form of the English language, *see* Guidelines for Determination of

Eligibility for Court-Appointed Interpretation and Translation Services, Me. Admin. Order JB-06-3 (as amended by A. 7-13) (effective July 16, 2013) (providing interpretation and translation services in languages other than English for those with "limited English proficiency"), nor is Chase entitled to free attorney services in a traffic matter.[3]  *Cf.* 15 M.R.S. § 810 (2016); 22 M.R.S. § 4005(2) (2016).

The entry is:

Judgment affirmed.

---

Daniel Chase, appellant pro se

The State of Maine did not file a brief

Violations Bureau docket number TI-2015-1147292
FOR CLERK REFERENCE ONLY

---

[3]  Chase's remaining contentions—that we lack authority to promulgate rules of court, that the court erred by denying his requests for findings and conclusions, that as a matter of law the statute does not mandate that he register his pickup truck, and that he was unable to legally register his vehicle—are without merit.  *See* 4 M.R.S. § 8 (2016); 29-A M.R.S. §§ 101(55), (88), 351(1)(A), 501(1), 504(1)(B) (2016); M.R. Civ. P. 52(b); *Eremita v. Marchiori*, 2016 ME 160, ¶¶ 2-3, 150 A.3d 336; *Mitchell v. Judicial Ethics Comm.*, 2000 ME 83, ¶ 5, 749 A.2d 1282; *see also York Hosp. v. Dep't of Health and Human Servs.*, 2008 ME 165, ¶ 29, 959 A.2d 67.