MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:    2017 ME 183
Docket:      Sag-16-184
Argued:      May 10, 2017
Decided:     August 22, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

THOMAS E. PALMER

HUMPHREY, J.

[¶1]  Thomas E. Palmer appeals from adjudications entered by the trial court (Sagadahoc County, *Raimondi, J.*) after a consolidated nonjury trial that found that Palmer committed the traffic infraction of "failure to maintain control of a motor vehicle," 29-A M.R.S. § 2118(2)(B) (2016), and committed the civil violation of "motor vehicle violation resulting in death," 29-A M.R.S. § 2413-A(1) (2016).  Palmer contends that the court erred in its interpretations of the relevant statutes and that the evidence was insufficient to support the court's adjudications.  We affirm the judgments.

I.  BACKGROUND

[¶2]  The following factual findings are supported by competent evidence in the trial record.  On August 13, 2015, at around 4:30 p.m., Palmer

crashed his truck into the rear end of a car also driving northbound on Route One in Woolwich. Before the crash, the driver of the car had activated his turn signal and slowed down to turn left onto a side road. Due to oncoming southbound traffic, the driver of the car was not able to turn immediately, so he came to a stop and waited for an opportunity to turn. The driver looked in his rearview mirror and saw Palmer's truck "coming up behind him and coming up behind him," swerve toward the yellow center line as it came closer to his car, and then swerve back toward the white fog line at the last second. Palmer's truck then crashed into the driver's car. The impact pushed the driver's car into the southbound lane of traffic, where it collided with a van. The van spun into the northbound lane, where it collided with an SUV. A passenger in the van died from injuries caused by the crash.

[¶3] At the time of the crash, the road was dry, the driver's turn signal was on, and there was nothing that would have obscured Palmer's view. Palmer did not apply the brakes before his truck crashed into the car. During interviews conducted after the crash, Palmer stated that he "looked up," saw the car right in front of him, and tried to swerve away.

[¶4] On August 31, 2015, a law enforcement officer issued Palmer a violation summons and complaint for the traffic infraction of failure to

maintain control of a motor vehicle.  *See* 29-A M.R.S. § 2118; 29-A M.R.S. § 103 (2016); M.R. Civ. P. 80F(b).  On December 22, 2015, the State charged Palmer in a single-count complaint with the civil violation of "motor vehicle violation resulting in death".  *See* 17-A M.R.S. § 4-B (2016); 29-A M.R.S. § 2413-A; M.R. Civ. P. 80H(b).  Palmer contested the traffic infraction and entered a "deny" plea to the civil violation charge.  The cases were consolidated for a nonjury trial, which the court held on April 7, 2016.

[¶5]  After the State and Palmer rested and delivered closing arguments, the court rendered its findings of fact and conclusions of law orally on the record.  The court stated:

> Whatever distracted [Palmer], the evidence indicates . . . that he was distracted.  Whether the [L]egislature intended or whether the statute means that it has to be . . . something as definite as texting or as definite as reading a paper is not entirely clear to me.  But if he weren't distracted, I think he would have seen what there was to be seen and he might have been able to avoid it . . . .

The court concluded that "the State has borne its burden by a preponderance of the evidence" that Palmer had committed both the traffic infraction and the civil violation, entering corresponding adjudications in the Violations Bureau and in the trial court.  On the "failure to maintain control of a motor vehicle" infraction, the court imposed a $119 fine.  On the "motor vehicle violation resulting in death", the court imposed a two-year license suspension and a

4

$2,500 fine. Palmer did not move for additional or amended findings of fact. *See* M.R. Civ. P. 52(b). He filed timely notices of appeal from both adjudications. *See* M.R. Civ. P. 80F(m), M.R. Civ. P. 80H(i); M.R. App. P. 2; 14 M.R.S. § 1901 (2016).[1]

## II. DISCUSSION

[¶6] Palmer challenges both the legal and evidentiary bases for the trial court's adjudications. He argues that the court committed an error of law when it determined that the State was not required to prove the activity that he was engaged in that distracted him, *see* 29-A M.R.S. § 2118(1)(A), and because there was no evidence presented as to what distracted him, the adjudications are unsupported by the evidence.

### A. Standard of Review

[¶7] The interpretation of a statute is an issue of law that we review de novo, looking first to the plain language of the statute to determine the Legislature's intent. *State v. Knight*, 2016 ME 123, ¶ 9, 145 A.3d 1046. "Words in a statute must be given meaning and not treated as meaningless and superfluous." *Wong v. Hawk*, 2012 ME 125, ¶ 8, 55 A.3d 425 (quotation marks omitted). "We review factual findings for clear error and the application of

---

[1] We invited amicus briefs on the issue of whether the State must prove what distracting activity the defendant was engaged in to prove a violation of 29-A M.R.S. § 2118 (2016). The Maine Trial Lawyers Association and the Bicycle Coalition of Maine jointly filed an amicus brief.

the law to those facts de novo." *State v. Peck*, 2014 ME 74, ¶ 13, 93 A.3d 256 (quotation marks omitted). In an appeal of an adjudication that a defendant has committed a civil violation or a traffic infraction, "[w]e review the sufficiency of the evidence in the light most favorable to the State to determine whether the trier of fact could have found, by a preponderance of the evidence, each element of the charge." *Id.*; *see* M.R. Civ. P. 80F(j); M.R. Civ. P. 80H(g).

B.     Operation of a Motor Vehicle While Distracted

[¶8]  Palmer was adjudicated to have committed the civil violation of "motor vehicle violation resulting in death" pursuant to a statute that provides: "A person commits the civil violation of motor vehicle violation resulting in death if that person, *while operating a motor vehicle and committing a traffic infraction*, causes the death of another person." 29-A M.R.S. § 2413-A(1) (emphasis added). The court concluded that Palmer committed the traffic infraction of "failure to maintain control of a motor vehicle," 29-A M.R.S. § 2118(2)(B), which provides that an individual commits that infraction if he or she "[i]s determined to have been the operator of a motor vehicle that was involved in a reportable accident . . . that resulted in property damage and, at the time the reportable accident occurred, *the person*

*was engaged in the operation of a motor vehicle while distracted.*" (Emphasis added.)

> **A.** "Operation of a motor vehicle while distracted" means the operation of a motor vehicle by a person who, while operating the vehicle, is engaged in an activity:
>
> > **(1)** That is not necessary to the operation of the vehicle; and
> >
> > **(2)** That actually impairs, or would reasonably be expected to impair, the ability of the person to safely operate the vehicle.

29-A M.R.S. § 2118(1)(A)(1)-(2).

[¶9]   Palmer argues that the State was required to prove *what* distracted him, i.e., what "activity" Palmer was "engaged in," to support a finding that he was "distracted" within the meaning of section 2118(1)(A).

[¶10]  The plain language of section 2118 illustrates that the Legislature contemplated a wide variety of activities that would be sufficient to support a finding that a driver was operating a motor vehicle while distracted.[2]  The Legislature did not limit the statute's application to particular activities; rather, *any* activity could support a finding that a driver was distracted, provided that the activity (1) "is not necessary to the operation of the vehicle," and (2) "actually impairs, or would reasonably be expected to impair, the

---

[2] As the amicus parties highlight, distracted driving is a significant public safety concern, which has only grown as new technologies have created additional distractions.

ability of the person to safely operate the vehicle." 29-A M.R.S. § 2118(1)(A). In order to meet those two necessary conditions, there must be some evidence that the driver was, in fact, distracted by an activity that was not necessary to the operation of the vehicle.[3]

[¶11] The trial court concluded that Palmer was distracted without making an express finding as to what activity Palmer was engaged in. Notwithstanding the lack of such a finding, because neither party moved for further findings of fact in this civil violation case, *see* M.R. Civ. P. 52(b), "we will infer that the trial court made any factual inferences needed to support its ultimate conclusion," provided that those inferences are supported by the record. *Pelletier v. Pelletier*, 2012 ME 15, ¶ 20, 36 A.3d 903.[4] The evidence adduced at trial was sufficient to support the inference that Palmer was operating a motor vehicle while distracted. *See* 29-A M.R.S. § 2118(1)(A); *see also State v. Cheney*, 2012 ME 119, ¶ 37, 55 A.3d 473 ("A [civil violation] may

---

[3] In other words, because the statute excludes from the definition of "distracted" activities that are necessary to the operation of the vehicle, *see* 29-A M.R.S. § 2118(1)(A), a driver could be *distracted* in the literal sense due to a failure to pay attention to the road, but not distracted as defined by the statute if the distracting activity was necessary to the operation of the vehicle. Palmer is thus correct that there must be some evidence of an activity, but in this case, there was sufficient evidence for the trial court to have made the necessary finding, notwithstanding that the trial court did not make—and was not asked to make—a finding as to what activity Palmer was engaged in, *see* M.R. Civ. P. 52(b).

[4] Although M.R. Civ. P. 52 is inapplicable in traffic infraction proceedings, *see* M.R. Civ. P. 80F(a), it applies in civil violation proceedings and is therefore applicable in this case.

8

be based solely upon circumstantial evidence and reasonable inferences drawn from it.").

[¶12]  According to Palmer, he "looked up" the moment before his truck collided with the car.  Although at trial Palmer denied that he was using his phone, looking at paperwork, or eating, he testified that he could not remember what he was doing before he "looked up."[5]  During an interview with an officer the day after the incident, Palmer was asked "if he possibly had been distracted, meaning had he possibly looked at his phone to see if he had missed a call or if he had received a call, or if possibly he had received a text message."  Palmer replied, "[m]aybe—maybe I was looking at a piece of paper, or moving my head to stretch."  The driver of the car testified that he saw Palmer's truck long enough to see him coming from a distance, watching him swerve from the white fog line to the middle yellow line before attempting to swerve to avoid the collision at the last second.  The driver of the car testified that it was a clear day, there were no obstructions between them, and his car's turn signal was on.  A crash reconstruction expert testified that Palmer never

---

[5]  The trial court, as the finder of fact, could have found that his testimony was not credible, particularly to the extent that it conflicted with his prior statements.  *See Sloan v. Christianson*, 2012 ME 72, ¶ 29, 43 A.3d 978 ("[W]e will not substitute our judgment for that of the trial court as to the weight or credibility of the evidence . . . . [T]he trial court is not required to accept any testimony or evidence as fact." (citations omitted)).

applied his brakes and collided with the car at a speed of fifty-seven miles per hour.

[¶13]  We emphasize that in light of the failure of either party to move for further findings of fact, we will make any factual inferences, supported by the record, necessary to support the judgment, notwithstanding the lack of a specific finding by the trial court.  *See* M.R. Civ. 52(b).  The court explicitly found, based on evidence in the record, that Palmer failed to see that which was there to be seen, resulting in the crash.  When this conclusion is considered along with the entire record, in particular Palmer's equivocal testimony about what he was doing in the moments before the crash, there is sufficient circumstantial evidence to support an inference that Palmer was engaged in an activity that was not necessary to the operation of the vehicle and would reasonably have been expected to impair his ability to safely operate the vehicle.  Accordingly, we conclude that the evidence was sufficient for the court to find, by a preponderance of the evidence, that Palmer was engaged in the operation of a motor vehicle while distracted.

The entry is:

Judgment affirmed.

Jeffrey C. Toothaker, Esq. (orally), Ellsworth, for appellant Thomas E. Palmer

Jonathan R. Liberman, District Attorney (orally), District Attorney's Office, Bath, for appellee State of Maine

Margaret Machaiek, Esq., Briggs & Wholey, Rockport, for amicus curiae Maine Trial Lawyers Association

Lauri Boxer-Macomber, Esq., and Stephen Koerting, Esq., Kelly, Remmel & Zimmerman, Portland, for amicus curiae The Bicycle Coalition of Maine

Violations Bureau docket number TI-2015-1125707
Sagadahoc County Unified Criminal Docket docket number VI-2015-310
FOR CLERK REFERENCE ONLY