MAINE SUPREME JUDICIAL COURT                                 Reporter of Decisions
Decision:     2018 ME 14
Docket:       Pen-17-251
Submitted
  On Briefs:  November 29, 2017
Decided:      January 23, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.


STATE OF MAINE

v.

DANIEL L. CHASE


PER CURIAM

[¶1]  Daniel L. Chase appeals from a judgment entered by the District Court (Bangor, *Campbell, J.*) after a bench trial.  The court found that Chase had committed the civil violations of improperly displaying a registration plate, 29-A M.R.S. § 452(3) (2017), and failing to register a vehicle that is operated or remains on a public way, 29-A M.R.S. § 351(1) (2017).  Chase argues that the court erred in finding that he committed the violations and that the court proceedings violated the Due Process Clause, the Equal Protection Clause, and the Americans with Disabilities Act.[1]  We affirm the judgment.

---

[1]  *See* U.S. Const. amend. XIV, § 1; 42 U.S.C.S. §§ 12101-12213 (LEXIS through Pub. L. No. 115-108).

2

[¶2]   Chase has not supplied a transcript of the trial proceedings or an approved substitute for a transcript.  *See* M.R. App. P. 5 (Tower 2016);[2] M.R. Civ. P. 91(f)(2)(B)(i).  Thus, we have before us neither the testimony and arguments presented by the parties, nor the court's recitation of its factual findings.  Although we are able to review the exhibits in the court file, we lack a record of the testimony authenticating and discussing those exhibits, and we have no record of the findings that the court reached based on the testimonial, photographic, and documentary evidence viewed as a whole.   In such circumstances, we "assume that there is sufficient competent evidence in the record to support the trial court's findings of fact."  *Guardianship of Luneau*, 2016 ME 127, ¶ 17, 147 A.3d 349.  Although the statutes at issue may not be a model of clarity, we cannot, on this record, conclude that the court erred in finding that the State established the elements of each violation.[3]

[¶3]   The issues of law that Chase raises are nearly all controlled by our opinion in his earlier appeal from another similar judgment.  *See State v.*

---

[2]  We cite to the Rules of Appellate Procedure that apply to this appeal, which was commenced before September 1, 2017.  *See* M.R. App. P. 1 (restyled).

[3]   For instance, although there may be some ambiguity in the requirement that a registration plate be displayed "horizontally," 29-A M.R.S. § 452(1) (2017), we cannot know—without a transcript—whether the court found an improper display of registration plates on that basis.  It may have instead found that Chase improperly displayed the plates either by failing to attach them "to the front and the rear of [the] vehicle," *id.*, or by failing to ensure that the "plates, including the numbers, letters and words, . . . always [are] plainly visible and legible," 29-A M.R.S. § 452(4) (2017).

*Chase*, 2017 ME 43, 157 A.3d 1291. As there, the court appropriately responded to Chase's requests for accommodation due to disability, including by providing Communication Access Realtime Translation (CART) to enable Chase to read a real-time transcription of the proceedings while he was in the courtroom. *See id.* ¶¶ 3, 6. The court was not, as Chase argues, required to provide him with a lawyer, *see* 4 M.R.S. § 1801 (2017) (establishing the Maine Commission on Indigent Legal Services to provide counsel paid for by the State only for specified case types), or with differently worded versions of the Maine Rules of Civil Procedure or the Maine Rules of Evidence—rules that we were authorized to promulgate, *see* 4 M.R.S. § 8 (2017). *See Chase*, 2017 ME 43, ¶ 6 & n.3, 157 A.3d 1291.

[¶4] Chase additionally argues that he was deprived of due process and the equal protection of the laws when the court denied his request for a jury trial. *See* U.S. Const. amend. XIV, § 1. First, to be clear, the Maine Constitution does not guarantee the right to a jury trial in a civil traffic violation matter. *See State v. Anton*, 463 A.2d 703, 708-09 (Me. 1983) (citing Me. Const. art. I, § 20); *see also Chase*, 2017 ME 43, ¶ 5, 157 A.3d 1291. The Due Process Clause's guarantee of an impartial fact-finder also does not guarantee that a *jury* will be the fact-finder in a civil matter. *See In re L.T.*, 2015 ME 94, ¶ 20,

120 A.3d 650 (citing *In re A.M.*, 2012 ME 118, ¶ 16, 55 A.3d 463); *see also Chase*, 2017 ME 43, ¶ 5, 157 A.3d 1291 ("[N]either the Maine Constitution, nor any other authority, requires that a jury trial be available in a traffic matter."). Nor does the Equal Protection Clause require a jury to be the fact-finder when Chase has not argued or shown that the court is treating similarly situated defendants differently in cases involving alleged traffic violations based on any challenged classification. *State v. Bennett*, 2015 ME 46, ¶¶ 16-20, 114 A.3d 994; *see also Chase*, 2017 ME 43, ¶ 5, 157 A.3d 1291.

The entry is:

Judgment affirmed.

Daniel Chase, appellant pro se

R. Christopher Almy, District Attorney, and Mark A. Rucci, Asst. Dist. Atty., Prosecutorial District V, Bangor, for appellee State of Maine

District Court Violations Bureau docket number TI-2017-1235623
FOR CLERK REFERENCE ONLY