MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2026 ME 41
Docket:        Yor-25-148
Submitted
  On Briefs:   January 21, 2026
Decided:       April 28, 2026

Panel:         STANFILL, C.J., and CONNORS, LAWRENCE, and DOUGLAS, JJ., and HJELM, A.R.J.

STATE OF MAINE

v.

BRANDON OAKLEY MCCOY

HJELM, A.R.J.

[¶1]  On October 9, 2025, a law enforcement officer with the Old Orchard Beach Police Department conducted a traffic stop, pulling over Brandon Oakley McCoy, a Maine resident, as he was driving a pickup truck.  The truck was registered to Brandon McCoy, LLC, a Montana entity.  The officer issued a summons to McCoy—individually—for evasion of registration fees and excise taxes in violation of 29-A M.R.S. § 514 (2025).  McCoy contested the traffic violation, and after a hearing, the District Court (Biddeford, *Goranites, A.R.J.*) adjudicated McCoy to have committed the traffic infraction.  McCoy appeals, contending in part that, because he was not the owner of the pickup, he was not required to register the vehicle and thus did not violate section 514.  We agree and vacate the judgment.

## I. BACKGROUND

[¶2] The facts in this case are largely, if not entirely, undisputed, and the issue presented to us is one of law—namely, the applicability of the fee-and-tax-evasion statute to McCoy given that the pickup truck was registered to a nonresident corporation. Nonetheless, because neither party moved for the court to issue findings of fact, we consider the sufficiency of the evidentiary record "in the light most favorable to the State to determine whether the trier of fact could have found, by a preponderance of the evidence, each element of the charge."[1] *See State v. Palmer*, 2017 ME 183, ¶¶ 5, 7, 169 A.3d 425 (quotation marks omitted).

[¶3] Two times during the summer of 2024, before the encounter resulting in this proceeding, an Old Orchard Beach police officer had contact with McCoy, who was operating an ATV on a public way each time. The ATV was registered in Montana to Brandon McCoy, LLC. McCoy told the officer that, in fact, all of his vehicles were registered to the LLC. At the hearing, the State

---

[1] In its brief, the State's recitation of the facts cites in part to a set of "Officer Notes" contained within a document filed electronically with the Violations Bureau to commence this action. Some portions of the "Officer Notes" overlap with the testimony presented during the contested hearing, which we describe in the text. The State's brief, however, also describes information that appears only in the "Officer Notes." At the hearing, neither party offered the "Officer Notes" in evidence, and no provision of law automatically includes that material in the evidentiary record. Thus, as the factual predicate for this case, we look exclusively to the testimony presented to the trial court. *See State v. Chase*, 2017 ME 43, ¶ 1, 157 A.3d 1291.

explicitly agreed that the LLC was active and properly registered with the Montana Secretary of State's office. During each of the two interactions, the officer informed McCoy that, because he was a resident of the State of Maine, he would need to register his vehicles in Maine.

[¶4] On October 9, 2024, the same officer saw McCoy driving a different vehicle—this time, a pickup truck. The officer followed McCoy and, after seeing that one of the truck's taillights was not working, stopped the vehicle. During the stop, the officer confirmed that McCoy had a Maine driver's license and that the pickup truck was registered in Montana to Brandon McCoy, LLC, the same entity that had registered the ATV. The officer issued McCoy a summons for evasion of registration fees and excise taxes in violation of 29-A M.R.S. § 514.

[¶5] McCoy filed an answer with the Violations Bureau, contesting the charge. *See* M.R. Civ. P. 80F(d)(1). The matter was transferred to the District Court for an adjudicatory hearing, which was held in March of 2025. *See* M.R. Civ. P. 80F(g). Two witnesses testified at the hearing: the officer and McCoy.[2] The court took the matter under advisement and, later the same day, issued a written judgment adjudicating McCoy to have committed the violation and imposing the minimum fine of $500. *See* 29-A M.R.S. § 514. The court's only

---

[2] At the hearing, the officer also prosecuted the State's case, as permitted by 4 M.R.S. § 807(3)(M) (2025).

finding of fact, set out on the judgment form, was that McCoy had been warned twice before the incident at issue that, as the operator, he was required "to register [the] truck." McCoy appealed the judgment to us. *See* M.R. App. P. 2B(c)(1); M.R. Civ. P. 80F(m).

## II. DISCUSSION

[¶6] The issue presented here is whether, under section 514, McCoy can properly be adjudicated of evading Maine's registration fees and excise taxes for a vehicle that was owned and duly registered by an out-of-state corporate entity in the entity's jurisdiction of residence.

[¶7] "The interpretation of a statute is a question of law, which we review de novo. We will construe a statute based on its plain meaning in the context of the statutory scheme, and only if the statute is ambiguous will we look to extrinsic indicia of legislative intent such as relevant legislative history." *State v. Ray*, 2025 ME 29, ¶ 5, 334 A.3d 663 (quotation marks omitted). "We also consider the whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved." *Wuori v. Otis*, 2020 ME 27, ¶ 6, 226 A.3d 771 (quotation marks omitted).

[¶8] Section 514 reads, in pertinent part:

> A person required to register a vehicle in this State who instead registers the vehicle in another state or province or who fails to register a vehicle in this State is guilty of evasion of registration fees and excise taxes. Violation of this section is a traffic infraction punishable by a fine of not less than $500 nor more than $1,000.

Thus, by the plain terms of this statute, a person can commit this infraction only if, among other things, that person is the one who is required to register the vehicle in Maine.

[¶9] The next question in the analysis is therefore whether McCoy was required to register the pickup truck in Maine. A portion of the answer to that question is found in 29-A M.R.S. § 351 (2025): "The *owner* of a vehicle that is operated or remains on a public way is responsible for registering the vehicle." (Emphasis added.) As if to emphasize that the responsibility to register a vehicle falls upon the owner, section 351 goes on to state, "An *owner* of a vehicle who becomes a resident of this State shall register that vehicle in this State within 30 days of establishing residency." *Id.* § 351(1-A) (emphasis added). Thus, it is the owner of the vehicle that must register the vehicle.

[¶10] This, in turn, requires consideration of what person—or what entity—was the "owner" of the pickup truck that McCoy was operating. For this, we turn to another statute, 29-A M.R.S. § 101(50) (2025), which defines an

6

"owner" as "a person holding title to a vehicle or having exclusive right to the use of the vehicle for a period of 30 days or more." In other words, the owner is deemed to be either the title holder or someone who has the exclusive right to use the vehicle for at least thirty days.

[¶11] There is no record evidence to support a finding that McCoy qualifies as the pickup truck's owner pursuant to either definitional aspect. *See id.* § 101(50); *Palmer*, 2017 ME 183, ¶¶ 7, 11, 169 A.3d 425. As to the first alternative of the definition, there is no evidence that McCoy held title to the pickup. In fact, the undisputed evidence is that title was held by the LLC, as shown by the officer's acknowledgement in his testimony that the LLC is the vehicle's "registered owner," which McCoy confirmed in his own testimony.

[¶12] As to the second alternative for ownership within the meaning of Maine's motor vehicle laws, no evidence was presented that could support a finding that McCoy had the "exclusive right" to use the pickup truck for at least thirty days. *See* 29-A M.R.S. § 101(50); *Palmer*, 2017 ME 183, ¶¶ 7, 11, 169 A.3d 425. The only evidence of McCoy's use of the pickup truck was that he operated it on October 9, 2024—a single occasion, when the officer issued a summons that commenced this action. The other two incidents of record in which the officer interacted with McCoy were when McCoy was operating an entirely

different vehicle—namely, an ATV.[3] Thus, the record cannot support a finding that McCoy's use of the pickup truck was exclusive, much less that it endured for at least thirty days; any such finding would be entirely speculative. *See Hannum v. Bd. of Env't Prot.*, 2003 ME 123, ¶ 15 n.6, 832 A.2d 765 ("Fact-finders must rely on evidence, not speculation, in fact-finding . . . .").

[¶13] We make two other points about the way registration statutes may apply here.

[¶14] First, based on principles of reciprocity, Maine law exempts a nonresident owner or operator of a vehicle from any Maine registration requirement if the owner or operator has fulfilled the registration requirements in the jurisdiction of residence. 29-A M.R.S. § 109(1)(A) (2025).[4] Here, after McCoy told the court that he understood that the officer had researched the status of the LLC, the court explicitly asked the officer if there was "any dispute" over McCoy's assertion that the LLC was active. The officer

---

[3] The court's factual finding that the officer had twice warned McCoy that he needed "to register [the] truck" is therefore not supported by the evidence. And in any event, the officer's previous admonitions to McCoy, cited by the court, have no bearing on whether McCoy violated section 514.

[4] Section 109(1)(A) provides, in part,

> The provisions of [Title 29-A] on registration of vehicles and operator's licenses do not apply to . . . [a] nonresident owner or operator, if that person has complied with the provisions of the laws on registration and licensing of the jurisdiction of residence. . . .

8

responded "that the LLC is active and registered with the Montana Secretary of State." The officer also testified that the pickup was registered to the LLC. Therefore, although only McCoy (and not the LLC) was issued a summons for evading the registration fees and excise taxes for the pickup truck, it appears that the out-of-state registration conformed to Maine's reciprocity law and relieved the LLC from having to register the vehicle in Maine. *See id.* § 109(1)(A).

[¶15] On this point, despite the protection found in section 109(1)(A), the State argues that in-state registration requirements apply to resident *operators* such as McCoy. This contention, however, conflates two separate violations. McCoy is charged only with evading registration fees and excise taxes in violation of section 514. As we explain above, this provision applies only to owners—those who are either title holders or exclusive users of the vehicle for at least thirty days. *See* 29-A M.R.S. §§ 101(50), 351, 514. In contrast, one who *operates* a motor vehicle that is not properly registered— irrespective of who *owns* the vehicle—commits a different offense, namely, operating an unregistered vehicle, which is set out in section 351(1).[5]

---

[5] Section 351(1) provides, in pertinent part,

Therefore, *if* the pickup that McCoy was driving had not been properly registered somewhere, he might have committed the offense of operating an unregistered motor vehicle in violation of section 351(1). But the evidence establishes that the pickup *was* properly registered in Montana, and in any event, McCoy was not charged with operating an unregistered vehicle.

[¶16] Second, to the extent that a person with the exclusive right to operate a vehicle for thirty days or more becomes responsible for registering the vehicle, one can easily envision challenges that would be faced by the governmental office, whether the Bureau of Motor Vehicles or a local official, when asked to determine if the person seeking to register the vehicle meets the definition of ownership based on exclusive use. *See* 29-A M.R.S. § 101(50). Determining if the person is the owner as the title holder is straightforward and not so challenging because the person can present the title instrument to the official or the official can check information available from the Bureau of Motor Vehicles. If, however, the person becomes required to register a vehicle because of exclusive use, then presumably either the person attempting to

---

A person who operates a vehicle that is not registered in accordance with [Title 29-A], fails to register a vehicle or permits a vehicle that is not registered to remain on a public way commits . . . [a]traffic infraction . . . .

The statutory name for this offense is "[f]ailure to register." In its substance, however, the offense is as we describe in the text: *operating* a vehicle that is not properly registered.

register the vehicle must somehow establish that fact, or the registration official must become satisfied of it independently, or both. This administrative difficulty is demonstrated by McCoy's testimony during the hearing that, in order to try to resolve this case in a way proposed by the State, he tried to register the pickup truck at the town office—only to have that effort rebuffed, perhaps understandably, because the certificate of title he presented was in the LLC's name, not his. This problem may also arise where, for example, an employee has exclusive use of a company vehicle for at least thirty days. Because the definition of "owner" in the current statutory scheme includes a person who has thirty days of exclusive use, *see id.*, such an employee may be exposed to a claim of having violated section 514 even though the company holds title. This, however, is a matter for the Legislature to consider given that it arises from the statutes it has enacted.

[¶17] For the case immediately before us, we conclude that because McCoy was not required to register the pickup truck, he cannot have committed a violation of section 514. We therefore vacate the judgment entered against him.[6]

---

[6] Given our analysis, we do not reach two other issues noted by the parties. First, McCoy asserts that section 514 is unconstitutionally vague as applied. Because we dispose of this appeal on nonconstitutional grounds, we need not and do not reach his constitutional challenge. *See Rangeley Crossroads Coal. v. Land Use Regul. Comm'n*, 2008 ME 115, ¶ 10, 955 A.2d 223.

The entry is:

> Judgment vacated. Remanded for entry of
> judgment for the defendant.

---

Brandon Oakley McCoy, appellant pro se

Kathryn L. Slattery, District Attorney, Taylor Nelson Sampson, Asst. Dist. Atty., and Jordan A. Hernandez, Stud. Atty., Prosecutorial District #1, Biddeford, for appellee State of Maine

Violations Bureau case number 5155307
FOR CLERK REFERENCE ONLY

---

Second, McCoy asserts that the corporate veil of the LLC should not be pierced to expose him to an adverse adjudication in an individual capacity. The State, however, did not make such a claim at the hearing. In fact, at the hearing it was only McCoy who raised the concept, and he did so preemptively. Further, on this appeal the State disclaims such a theory, asserting that there is no need for the veil to be pierced, and on the record before us, there is no evidentiary basis at all to support the theory. *See, e.g.*, *State v. Weinschenk*, 2005 ME 28, ¶ 19, 868 A.2d 200. This appeal therefore does not present an occasion for us to address the availability and contours of an analysis that would pierce a corporate veil in this type of case.